IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ___-cv-_____-___

PARKSIDE AT MOUNTAIN SHADOWS OWNERS ASSOCIATION, INC.,
a Colorado nonprofit corporation,

      Plaintiff

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,
a Connecticut corporation,

      Defendant.

_____

## NOTICE OF REMOVAL
_____

**TO:**    Lenard Rioth
Bryce F. Meighan
Anderson, Dude & Lebel, P.C.
111 S. Tejon, Suite 400
P.O. Box 240
Colorado Springs, CO  80901-0240

District Court, El Paso County, Colorado
270 S. Tejon Street
Colorado Springs, CO  80903
(719) 448-7700

**PLEASE TAKE NOTICE** that Defendant, Travelers Casualty and Surety Company of America ("Travelers"), a Connecticut corporation with its principal place of business in Hartford, Connecticut, removes this action from the El Paso County District Court, State of Colorado, to the United States District Court for the District of Colorado, and gives notice thereof in accordance with 28 U.S.C. § 1446 upon the following grounds:

1.      On December 6, 2014, Parkside at Mountain Shadows Owners Association, Inc. ("Association"), a Colorado nonprofit corporation, filed an action against Defendant in the District Court for El Paso County in the State of Colorado, Case No. 14 CV 34372 (the "State Court Action"). A copy of the Complaint is attached hereto as **Exhibit A**.

2.      The Association's Complaint in the State Court Action asserts eight claims for relief: Breach of Contract, Bad Faith Breach of Contract, Violation of the Unfair Claims-Deceptive Practices Act, Violation of the Colorado Consumer Protection Act, Bad Faith Breach of Insurance Contract, Misrepresentation, Promissory Estoppel, and Unjust Enrichment.

3.      Pursuant to 28 U.S.C. §1446(a) and D.C.COLO.LCivR 81.1, below is a recitation of the pleadings and other papers filed in the State Court Action and attached hereto as Exhibits A through D:

| | |
|---|---|
| **Exhibit A** | Complaint with Exhibits 1-5; |
| **Exhibit B** | Summons to Travelers.; |
| **Exhibit C** | Civil Case Cover Sheet; |
| **Exhibit D** | Affidavit of Service on CSC/Travelers; |

No hearings are set in the State Court Action.

4.      Travelers was formally served with the Summons and Complaint through Corporation Service Company ("CSC") on December 30, 2014. **Exhibit D**.

5.      The United States District Court for the District of Colorado has diversity jurisdiction over this civil action under 28 U.S.C. § 1332(a), which requires an amount in controversy in excess of $75,000, exclusive of interest and costs, as well as complete diversity of citizenship between the plaintiff and all defendants.

6.      There is complete diversity of citizenship between the plaintiff and defendant. Plaintiff Association is a Colorado nonprofit corporation with its principal place of business in

2

Colorado Springs, Colorado. Defendant Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

7. A good faith basis is all that is necessary to satisfy the amount in controversy requirement under 28 U.S.C. § 1332(a). *See, e.g., Freebird, Inc. v. Merit Energy Co.,* 597 F. Supp. 2d 1245, 1247 (D. Kan. 2009), *citing Morgan v. Gay*, 471 F.3d 469, 474 (3rd Cir. 2006). Dismissal from the federal court is not warranted unless the court is satisfied to the level of "legal certainty" that the claim is not recoverable in an amount in excess of $75,000. *Id.*

8. Where the amount in controversy cannot be determined by the allegations in the complaint, the party requesting removal must set forth facts supporting an assertion that the amount exceeds the requirement. *Laughlin v. Kmart*, 50 F.3d 871 (10th Cir. 1995).

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir.1970). The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy [is met]." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992).

*Id*. at 873.

9. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Although the Complaint does not set forth a specific amount for damages, the Association seeks compensatory damages from Travelers for breach of an insurance contract. Exhibit A ¶¶ 34-41. The Limit of Liability for the insurance contract at issue is $1 million. Exhibit A, Exhibit 1: Travelers' Policy, at Declarations. The alleged breach relates to claims asserted against the Association by certain homeowners after 141 of the 171 homes in the Association were destroyed by the Waldo Canyon Fire ("Fire") that burned the Mountain Shadows area of Colorado Springs in the summer of 2012. Exhibit A ¶¶ 17-20. The homeowners allege, in part,

that the Association improperly levied a special assessment related to the Fire. *Id*. ¶23. According to an email from homeowner Jason Bushie to Travelers dated May 7, 2013, that assessment, in the amount of at least $3,500 per owner, was levied to pay for property damage due to the Fire estimated by the Association to be in excess of $800,000. An assessment of at least $3,500 to each of 171 homeowners totals $598,500. As such, there is no doubt that the amount in dispute in this matter exceeds $75,000, exclusive of interest and costs.

10. Defendant Travelers has complied with the requirements of 28 U.S.C. § 1446 and D.C.Colo.L.CivR 81.1.

11. The thirty-day time period within which this matter must be removed does not begin to run until formal service of the Summons and Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 344-45 (U.S. 1999). This Notice of Removal has been filed within thirty days from formal service upon Travelers and thus is timely under 28 U.S.C. § 1446(b).

12. A copy of this Notice of Removal has been filed with the Clerk of the District Court of El Paso County, State of Colorado, and served upon the Association's counsel pursuant to 28 U.S.C. § 1446(d) and D.C.COLO.LCivR 81.1.

13. Pursuant to Fed.R.Civ.P. 81(c), Travelers will have twenty one (21) days after being served with the Complaint or seven days after filing of this Notice, whichever is longer, to file an Answer or other responsive pleading.

WHEREFORE, Travelers requests that this case proceed in the United States District Court for the District of Colorado as an action timely and properly removed.

Respectfully submitted this 16th day of January, 2015.

*/s/ Nancy A. Fitzgerald*
Laurence M. McHeffey
Nancy A. Fitzgerald
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 Quebec Street, Suite C100
P.O. Box 4467
Englewood, CO  80155-4467
Telephone:  (303) 293-8800
Facsimile:  (303) 839-0036
E-Mail:  lmcheffey@mdmc-lawco.com
  nfitzgerald@mdmc-lawco.com
*Attorneys for Travelers Casualty and Surety Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2015, a true and correct copy of the foregoing, NOTICE OF REMOVAL, was electronically filed with the Clerk of Court and served to the following parties using the CM/ECF system:

Lenard Rioth
Bryce F. Meighan
Anderson, Dude & Lebel, P.C.
111 S. Tejon, Suite 400
P.O. Box 240
Colorado Springs, CO  80901-0240
*Attorneys for Parkside at Mountain Shadows Owners Association, Inc.*

District Court, El Paso County, Colorado
270 S. Tejon Street
Colorado Springs, CO  80903
(719) 448-7700

I further certify that on this 16th day of January, 2015, I caused the foregoing, NOTICE OF REMOVAL, to be electronically filed via *LexisNexis File & Serve* to the Court Clerk, El Paso County District Court, State of Colorado.

/s/ Nancy A. Fitzgerald
Laurence M. McHeffey
Nancy A. Fitzgerald
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 Quebec Street, Suite C100
P.O. Box 4467
Englewood, CO  80155-4467
Telephone:  (303) 293-8800
Facsimile:  (303) 839-0036
E-Mail:  lmcheffey@mdmc-lawco.com
nfitzgerald@mdmc-lawco.com
*Attorneys for Travelers Casualty and Surety Company of America*