**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0120-WJM-KMT

PARKSIDE AT MOUNTAIN SHADOWS OWNERS ASSOCIATION, INC., a Colorado nonprofit corporation,

    Plaintiff,

v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation

    Defendant.

---

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

---

On January 16, 2015, Defendant Travelers Casualty and Surety Company of America removed the instant action from the Colorado District Court, El Paso County, to this Court. (ECF No. 1.) On January 23, 2015, Plaintiff Parkside at Mountain Shadows Owners Association, Inc. filed an Entry of Appearance and Motion to Remand ("Motion"), which is now before the Court. (ECF No. 9.) The Motion was fully briefed on February 27, 2015. (ECF No. 15.) Defendant thereafter sought, and was granted, leave to filed a surreply. (ECF No. 19-1.) Plaintiff subsequently filed a sur-surreply, to which Defendant responded. (ECF Nos. 23 & 27-1.) For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Plaintiff is a homeowners association. (ECF No. 15 at 2.) In 2012, a severe wildfire destroyed many of the homes in the community managed by Plaintiff. (ECF No

4 at 4.)  Several homeowners later sued Plaintiff's board of directors, claiming they failed to procure adequate property insurance coverage for the destroyed homes ("the Underlying Action").  (ECF No. 9-1 at 57.)  Plaintiff sought coverage for the residents' claims under its directors and officers liability insurance policy that it purchased from Defendant through an insurance agent, CB Insurance, LLC ("CBI").  (ECF No. 15 at 2.)  Defendant denied coverage for the claims against Plaintiff.  (ECF No. 4 at 6.)  Plaintiff alleges that Defendant breached the directors and officers policy when it refused to cover those claims.  (ECF No. 4.)

Defendant removed this matter on the basis of diversity jurisdiction on January 16, 2015.  (ECF No. 1.)  However, after Plaintiff held its annual meeting on January 21, 2015, it allegedly became aware that it might have claims against CBI, and filed the Motion two days later along with an Amended Complaint naming CBI as a defendant to this action.  (ECF No. 9-1.)  The Amended Complaint states that CBI misrepresented the scope of insurance coverage that CBI advised Plaintiff to procure.  (*Id*. at 10.)

Plaintiff argues that complete diversity no longer exists because CBI's principal place of business is in Colorado.[1]  (ECF No. 9 at 3.)  Defendant responds that adding CBI as a defendant is a sham to defeat diversity.  (*See generally* ECF No. 13.)

---

[1] Defendant argues in its Response that Plaintiff's Amended Complaint fails to establish that CBI is a Colorado domiciliary. (ECF No. 13 at 7.)  However, Plaintiff submitted an affidavit from the Chief Operating Officer of Bushwood Holdings, Inc., which states that Bushwood Holdings is the sole member of CBI, and that both companies have their principal place of business in Colorado. (ECF No. 15-1 at 1.)  "Like every other circuit to consider this question," the Tenth Circuit has held that "an LLC, as an unincorporated association, takes the citizenship of all its members."  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).  Therefore, since Bushwood Holdings is CBI's sole member and a Colorado domiciliary, the Court is satisfied that CBI is also a Colorado domiciliary for diversity purposes.

Defendant further argues that CBI is not a necessary party, and the doctrine of fraudulent joinder applies. (*Id.*) The Court addresses Defendant's arguments below.

## II. LEGAL STANDARD

Federal district courts have jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and complete diversity exists between the parties. 28 U.S.C. § 1332(a). The party invoking diversity jurisdiction must prove its existence by a preponderance of the evidence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). "If a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *see also* 28 U.S.C. § 1447.

## III. ANALYSIS

Plaintiff filed its Amended Complaint naming CBI as a defendant on January 23, 2015, before Defendant filed an answer to the original complaint. (ECF Nos. 9 & 12.) Plaintiff's Amended Complaint would usually be accepted without the need for Defendant's written consent or leave from the Court. Fed. R. Civ. P. 15(a). However, Rule 15(a) conflicts with 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Tenth Circuit has not directly addressed the conflict between these two provisions. *See Baumeister v. Home Depot U.S.A., Inc.*, 2011 WL 650338, at *2 (D. Colo. Feb. 11, 2011).

The Court holds that amendments joining non-diverse parties are subject to 28 U.S.C. § 1447(e) even where the amendment would otherwise be freely allowed by Rule 15(a). *See id.*; *Broadnax v. GGNSC Edwardsville III LLC*, 2014 WL 1308908, at *2 (D. Kan. Mar. 28, 2014); *Reigel v. Canyon Sudar Partners, L.L.C.*, 2007 WL 3274430, at *2 (D. Colo. Nov. 5, 2007) ("Like the Fourth Circuit, this Court concludes that, in a removed case, a plaintiff cannot file an amended complaint without leave of the Court if doing so would destroy diversity jurisdiction. This is because . . . a plaintiff cannot force a remand simply by amending its complaint without leave of the court."). Plaintiff, therefore, may not add CBI as a matter of right, and the Court's joinder analysis is guided by several considerations.

If the non-diverse party's joinder is required by Federal Rule of Civil Procedure 19, the Court must either remand under § 1447(e), or deny joinder and dismiss the action. *McPhail*, 529 F.3d at 951. If joinder is instead permissive under Rule 20(a)(2), the Court's decision is discretionary. *Id*. In exercising their discretion, courts consider several factors: (1) whether the amendment was "unduly and inexplicably delayed"; (2) whether the amendment was offered in good faith; (3) whether the amendment was designed to defeat diversity; (4) whether the plaintiff will be significantly injured if the amendment is denied; and (5) whether parallel state and federal litigation will result if the amendment is denied. *McPhail*, 529 F.3d at 952; *Baumeister*, 2011 WL 650338, at *2; *Robar v. Wells Fargo Bank*, 2006 WL 2374784, at *1 (D. Colo. Aug. 16, 2006).

Defendant argues that the complaint in the Underlying Action belies Plaintiff's assertion that it discovered its claims against CBI after the annual meeting on January

21, 2015. (ECF No. 13 at 8.) That complaint states that one of Plaintiff's directors distributed a letter to the homeowners that admitted Plaintiff chose not to carry insurance for the fire-damaged property. (ECF No. 9-1 at 58.) In August 2012, one of the homeowners, Terry Rector, forwarded this letter to CBI and advised it that Plaintiff had relied on CBI's advice not to carry insurance, and that CBI could be liable as a result. (*Id*.) Therefore, Defendant argues that Plaintiff and its board knew of the potential claims against CBI well over two years ago, and it was not until Defendant filed its Notice of Removal that Plaintiff chose to name CBI as a defendant. (ECF No. 13 at 8.) According to Defendant, this chronology and Plaintiff's prior knowledge of CBI's potential liability prove the amendment is offered solely to defeat jurisdiction. (*Id*.)

    Before the Court proceeds with its analysis it is worth mentioning that several questions loom regarding Plaintiff's course of action after the fire. Shouldn't Plaintiff have known that CBI could be liable for its alleged misrepresentations and negligence once Defendant denied coverage under the directors and officers policy? What specific information did Plaintiff obtain at its annual meeting that it didn't have when it filed this suit against Defendant in state court? "[W]here, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999). This is a very close case. However, and as will be discussed below, the Court will trust that Plaintiff's counsel, as officers of this Court, would not have misrepresented any facts material to the Motion's adjudication, and that at the annual meeting Plaintiff truly discovered, for the first time, that it may have claims

against CBI.  The Court will therefore attribute its inability to fully unravel this mystery to Plaintiff's spartan briefing, rather than its plot to deceive the Court or Defendant.

Keeping the discussion above in mind, the Court is not persuaded that Plaintiff's sole basis for adding CBI as a defendant was to defeat diversity.  Plaintiff maintains that "[a]fter [CBI] provided detailed advice as to what insurance coverage exists and does not exist under the policies being reviewed at [Plaintiff's] annual meeting of its members . . . on January 21, 2015, [Plaintiff] became aware that it may have claims against [CBI] that should be added to its Complaint."  (ECF No. 9 at 4.)  Plaintiff filed its Motion two days after the meeting, and seven days after the Notice of Removal was filed.  (ECF Nos. 1 & 9.)

Plaintiff's timing would certainly raise suspicions under most circumstances.  Indeed, the Court should be "wary when the moving plaintiff cannot point to any new information that gave rise to the motion to amend," but such is not the case here.  *Grabau v. Target Corp.*, 2006 WL 3838218, at *2 (D. Colo. Dec. 26, 2006).  While the Underlying Action alleges that an association member, Mr. Rector, was aware in 2012 of a potential cause of action against CBI, it is apparent that Plaintiff only became convinced of CBI's liability after a detailed coverage discussion with CBI at the annual meeting in 2015.  The Court accordingly finds, not without some reservations, that the amendment was not "unduly and inexplicably delayed," was offered in good faith, and was not designed to defeat diversity.  *McPhail*, 529 F.3d at 952.

The Court further finds that the remaining two factors—risk of parallel litigation and significant injury to Plaintiff—weigh less in favor of joinder.  The issue of coverage under the directors and officers policy is distinct from CBI's alleged misrepresentations,

6

and Plaintiff admits as much.  (ECF No. 23 at 6.)  Even so, denial of the amendment will force Plaintiff to litigate issues in separate forums that, while not identical, involve a commonality of facts and law.

Finally, the Court finds that Defendant has not proven that CBI was fraudulently joined.  To prove fraudulent joinder, "the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).  The defendant seeking removal "bears a heavy burden" of proof and all legal and factual issues must be resolved in the plaintiff's favor.  *Id*.  "If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court." *Frontier Airlines, Inc. v. United Air Lines, Inc*., 758 F. Supp. 1399, 1404 (D. Colo. 1989); *see also Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1113 (D. Colo. 2000) ("While an allegation of fraudulent joinder permits the Court to pierce the pleadings, it is not proper for the Court to pre-try issues of liability on a motion for remand.").

Plaintiff's Amended Complaint alleges that CBI represented that the directors and officers policy "did not contain an exclusion against claims for failure to obtain insurance," and that the policy covered such claims, which Plaintiff relied on to its detriment.  (ECF No. 9-1 at 10, 15.)  *See Allen v. Steele*, 252 P.3d 476, 482 (Colo. 2011) (reciting elements of misrepresentation claim).  Based on this allegedly erroneous policy analysis, Plaintiff pled misrepresentation, among other claims, against

CBI. (*Id*. at 13-19.)  Defendant argues that CBI's representation is accurate where no other policy provision bars coverage.  (ECF No. 13 at 15-16.)  Defendant also argues that Plaintiff cannot have reasonably relied on CBI's coverage analysis because after the fire it admitted that it had elected to self-insure against property damage, and knew no coverage existed for such claims.  (*Id*.)

Defendant's arguments are unavailing.  Colorado recognizes a cause of action "predicated on the failure of an insurance broker or agent servicing the insurance needs of the plaintiff to procure a particular type of insurance coverage sought by the plaintiff." *Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239, 242 (Colo. 1987).  CBI's statement that the policy covered, or at least did not exclude, claims for Plaintiff's failure to obtain insurance could plausibly be construed as a misrepresentation of the applicable coverage, particularly if the policy's provisions are susceptible to more than one reasonable interpretation.  *See Colorado Pool Sys., Inc. v. Scottsdale Ins. Co.*, 317 P.3d 1262, 1273 (Colo. App. 2012) ("In light of the ambiguity, plaintiffs' claim cannot be defeated by the fact that they had access to the CGL policy.  Plaintiffs may be charged with full knowledge of the policy's terms, but that knowledge does not mean that plaintiffs were unjustified in relying on [insurer's] alleged misrepresentations.").  Also, whether or not Plaintiff agreed to self-insure against property damage does not necessarily negate its belief that coverage existed for its failure to obtain insurance.  Therefore, the Court finds that it is possible that Plaintiff could recover on its misrepresentation claim against CBI, and that Defendant has failed to prove that fraudulent joinder applies.  The Court accordingly need not address Plaintiff's remaining

claims against CBI.[2]

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff Parkside at Mountain Shadows Owners Association, Inc's Motion to Remand (ECF No. 9) is GRANTED;

2. Plaintiff's Amended Complaint (ECF No. 29) is accepted as filed; and

3. This action is REMANDED to the Colorado District Court for El Paso County.

Dated this 24th day of June, 2015.

BY THE COURT:

William J. Martinez
United States District Judge

---

[2] And, having found that remand is appropriate, there is no need for the Court to determine whether CBI is a necessary party to this action.